IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

v.                                                       15-cr-100-wmc

LEON FADDEN,

                Defendant.
_____

On June 21, 2016, defendant Leon Fadden filed a motion to remove the pretrial release curfew condition requiring him to be in his residence from 9:00 p.m. to 7:00 a.m. Fadden asked for a hearing on this motion. *See* dkt. 70.

The court asked this court's pretrial service officer, Ryan Plender, to get an informal response from the government and with his counterpart in Miami, since if nobody objected, the court could just grant the request. PTS Officer Plender has reported back: the government objects, hewing to its position that Fadden should have been detained, so he's in no position to challenge his release conditions. Fadden's supervising PTS officer in Miami also objects, pointing out that, according to Fadden's GPS monitor, Fadden rarely leaves his residence before 9:00 a.m., usually is home by 7:00 p.m. and some days does not go out at all. Officer Plender reports that when Fadden was in Madison (and not working a day job), he would come home early, then go out again late.

18 U.S.C. § 3142(c)(1)(B) requires this court to release Fadden on the least restrictive combination of conditions that will reasonable assure Fadden's appearance in this court when required, and that also will reasonably assure the safety of the community. When this court releases a defendant to another district for courtesy supervision, it starts with the assumption that the locals have a better sense of what conditions are appropriate in their community to achieve these goals. That said, when there is a dispute, the court is interested in learning *why* particular conditions are necessary and appropriate, and then learning from the defendant what practical, real-world effects the defendant hopes to achieve by modifying those conditions.

For instance, PTS in Miami may deem a curfew import so that defendants on pretrial release touch home base once a day as a reassuring tether. This might apply to Fadden. Also, some defendants need to be home before dark and stay there because we cannot trust them to resist the siren call of sketchy nightlife activities. This might not apply to Fadden, but perhaps Miami has a different view.

On the flipside of this coin, this court has interacted with Fadden enough to know that he chafes at any actual or perceived interference with his freedom to do what he pleases. Perhaps Fadden simply wants to be unyoked from his curfew on principle alone. Or, maybe he wants the option of taking a late walk if he feels like it. In the face of Miami's continued advocacy of a curfew, the court is interested in learning what practical effect Fadden hopes to achieve by removing the curfew and what *actual* burden he suffers as a result of being under curfew.

Finally, this court doesn't engage in compromise for its own sake, but I will pose this informational question to the parties and to PTS: is a midnight-to-six curfew acceptable? Why or why not?

No one is required to provide additional input on the curfew dispute, but everyone may have until July 5, 2016 to submit a letter or a brief if they wish to be heard further. (PTS Officer Plender may obtain oral input from Miami and offer it in written form to the court if that's easier for the pretrial services team). The court then will rule on Fadden's in writing without convening a hearing.

Entered this 27th day of June, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge