IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,                      OPINION & ORDER

v.

                                      15-cr-100-wmc

LEON FADDEN,

        Defendant.

Defendant Leon Fadden has been charged in a Superseding Indictment with: (1) knowingly and fraudulently concealing from creditors and the United States Trustee property belonging to the bankruptcy estate of a debtor (his interest in two life insurance policies and his interest in the estate of a decedent) in violation of 18 U.S.C. § 152(1); (2) knowingly and fraudulently making material false declarations, certificates, or verifications under penalty of perjury by submitting Schedules of Assets and Liabilities and a Statement of Financial Affairs in which he falsely declared that he no interests in the estate of a decedent, death benefit plan, life insurance policy or trust in violation of 18 U.S.C. § 152(3); and (3) knowingly and willfully making material false statements to an attorney of the United States Trustee's Office, United States Department of Justice, in violation of 18 U.S.C. § 1001(a)(2).

Currently before the court is Fadden's pretrial filing entitled "Notice of Rescission of Signatures, Fraud and Intent to Commit Fraud, Reckless Endangerment, and Sworn Declaration and Occupancy of the Executors office." (Dkt. #39.)[1] Fadden submitted

---

[1] The Notice is actually signed on behalf of "Leon-Ralph III: Fadden, of the OCCUPIER OF THE EXECUTOR OFFICE/SOLE BENEFICIARY for LEON RALPH III FADDEN," but as Magistrate Judge Crocker has repeatedly and far more diplomatically, though so far unsuccessfully, attempted to impart to the defendant, while he may continue to fantasize about a world of

1

this "notice" *pro se*, before appointment of his current counsel and continues to want a ruling. (Dkt. #75.) While largely indecipherable, Fadden *appears* to be effectively demanding a court order dismissing this case, either by virtue of somehow rescinding all of his past false statements or otherwise divesting this court of jurisdiction over him. Regardless, the government has opposed Fadden's request for dismissal, and the court agrees that Fadden's request/demand, if that is what it is, would be frivolous.

OPINION

District courts of the United States have original jurisdiction of all offenses against the laws of the United States. 18 U.S.C. § 3231. Thus, in charging Fadden with violating the laws of the United States, 18 U.S.C. §§ 152, 1001, the government acted well within its authority. Nonetheless, Fadden's Notice states that the court should "cease and desist on all claims regarding this matter" because "Leon-Ralph-III: Fadden" is the occupier of the executor [and] sole beneficiary of his "Estate." Fadden's Notice also includes statements suggesting that: (1) he has been the victim of commercial torts; (2) the government's actions in this matter have violated various sections of the criminal code and Internal Revenue Code; (3) he did not consent to any of the actions taken against him; (4) all contracts or obligations he has entered into are void; and (5) this court lacks jurisdiction over him because he is a man and not a corporation.

None of these arguments have any merit. As an initial matter, Fadden claims that the court should dismiss the superseding indictment against him given his self-titled

---

fictitious laws, his physical body remains decidedly under the jurisdiction of this court. Accordingly, the court will continue to refer to the defendant as "Leon Fadden" or "Fadden."

status as "the executor and sole beneficiary" of his own estate. But this makes no sense in the context of the present criminal proceeding. Fadden seems to believe that if he is the executor of his estate, he somehow avoids any criminal conviction, but his belief appears to assume that this matter is proceeding in bankruptcy court. Of course, it is not. This is now a criminal proceeding, and Fadden's supposed status as executor of his estate has no bearing on whether he personally committed the criminal acts described in the Superseding Indictment.

As to his apparent claims that the government has violated criminal and IRS statutes, and that he has voided all contracts to which he previously bound himself by withdrawing his signature, his claims are wholly frivolous at worst, and vague and conclusory at best. Either way, they are rejected without need of further discussion.

Finally, to the extent that Fadden's subject matter jurisdiction argument is grounded in his belief that he is not subject to taxes, that argument has already been repeatedly rejected as frivolous by the Seventh Circuit Court of Appeals. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed statute of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (noting that the tax protestor movement, in which a defendant asserts that he is not a citizen of the United States and thus not subject to federal laws, is completely without merit and patently frivolous). Since both court's decisions are binding on this court, defendant's claims are also frivolous.

In short, Fadden's Notice has not stated any ground upon which the court could, much less should, dismiss the Superseding Indictment.

ORDER

IT IS ORDERED that Defendant Leon Fadden's Notice of Rescission of Signatures, Fraud and Intent to Commit Fraud, Reckless Endangerment, and Sworn Declaration and Occupancy of the Executors Office (dkt. #39) is DENIED.

Entered this 23rd day of August, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge